UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF NEW YORK, as Trustee, et al.,

        Plaintiffs,

v.

BOOKER T. DAVIS, III, Sui Juris,

        Defendant.

DONALD J. KING and TROTT & TROTT, PC,

        Cross-Defendants,

BOOKER T. DAVIS, III, Sui Juris,

        Cross-Claimant.
_____/

Case Number: 09-10878

HON. MARIANNE O. BATTANI

### OPINION AND ORDER GRANTING REQUEST TO REMAND CASE

This matter is before the Court on Plaintiff Bank of New York, as Trustee, Donald J. King and Trott & Trott, PC,'s motion to remand the case as improperly removed and dismiss pleadings captioned "Cross-Complaint" and "Counter-Complaint." (Doc. No. 4). The Court has reviewed the pleadings and finds oral argument will not aid in the resolution of this motion.  See E. D. Mich. LR 7.1(e)(2).  For the reasons that follow, the Court **GRANTS** the request to remand this matter.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant, Booker T. Davis, III, was a defendant in a state court eviction action, in which he consented to a judgment of possession on December 8, 2008.  He subsequently filed a Notice of Removal and included a "Counter-Complaint" and "Cross Complaint" adding parties that were not before the state court in the eviction action.  The Bank of New York, as trustee, as well as "Cross-Defendants," Donald J. King and Trott & Trott, PC, ask the Court to remand this action because removal was untimely and improper and ask the Court to dismiss the added "Counter and Cross-Complaints."

Davis filed his petition for removal on March 9, 2009.  The Summons in 36th District Court Case No. 08-33768 was issued November 24, 2008, and required Davis to appear on December 8, 2008.  See Movants' Exs. D, E, Summons and Complaint for Termination of Tenancy.  Davis appeared for the hearing and entered into a consent judgment awarding Plaintiff, Bank of New York, possession.  See Movants' Ex. F.  Davis also agreed to vacate by January 29, 2009.  Id.

Davis did not vacate, and on January 30, 2009, Trott & Trott  PC, which represents the Bank of New York, filed a request for an Order of Eviction.  Movants' Ex. G.  Davis then filed a motion to vacate the consent judgment and requested an emergency hearing to quash the eviction order.  The 36th District Court denied the motion to stay writ of eviction.

Davis filed a Claim of Appeal in the Wayne County Circuit Court on March 3, 2009, challenging the consent judgment of December 8, 2008.  On the same day, Davis filed a Chapter 7 bankruptcy petition, which the bankruptcy court dismissed March 24, 2009.  See  Pl.'s Ex. H.

On March 9, 2009. Davis filed the action before this Court, in which he removes 36th District Court Civil Action No. 08-37768.  He also filed a Counter-Complaint against the Bank of New York and a Cross-Complaint against Donald J. King and Trott &Trott PC.

## II.  STANDARD OF REVIEW

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441. Federal courts have original over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction.  In reviewing a motion to remand, a court must be mindful of the scope of the federal jurisdictional statutes and the overriding constitutional limits to federal district court jurisdiction.  Accordingly, a court construes removal statutes narrowly, resolving uncertainties in favor of remand.  <u>Her Majesty the Queen of Right of the Province of Ontario v. City of Detroit</u>, 874 F.2d 332, 339 (6th Cir. 1989).

## III.  ANALYSIS

Plaintiff, King, and Trott & Trott move to remand this matter based on the untimeliness of Defendant's notice of removal and the lack of subject matter jurisdiction. The Court agrees that the removal does not comport with the statutory time restriction and that it lacks original jurisdiction.

### A.  Timeliness

A notice of removal of a civil action "shall be filed within thirty days" after the defendant's receipt of the summons and complaint. 28 U.S.C. § 1446(b).  Here, Davis was

3

served no later than December 8, 2008. He did not file his notice of removal until March 9, 2009, three months later. Bank of New York, King, and Trott & Trott timely filed their motion to remand on March 27, 2009. Section 1447(c) requires a motion to remand based upon defects in the removal procedure to be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c)

The facts demonstrate that the motion for remand was timely filed and the notice of removal was not. Pursuant to the statutory provisions governing removal, the Court finds remand is warranted.

### B. Jurisdiction

In addition to the procedural defect, this action is subject to remand because this Court lacks original subject matter jurisdiction over the complaint.[1] Specifically, the state court complaint is for possession of property. Defendant remained in possession of the property after the expiration of the redemption period following a mortgage foreclosure sale.

Defendant removed this matter on the basis of a federal question; however, it is clear that to the extent any federal issues are raised, Defendant himself injected those issues into this case. Under the well-pleaded complaint rule, a federal defense does not provide a basis for removal to federal court. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987). Accordingly, removal was improper--the state court proceeding was based solely upon state law, and therefore, this Court lacks subject matter jurisdiction over the case. Defendant's allegations of a counterclaim based on federal statutory laws does not

---

[1] The governing federal statute does not authorize diversity-based removal by "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Davis is a Michigan resident, and he cannot cite diversity of citizenship as a basis for removing a suit from Michigan to federal court.

bring Defendant within the bounds of § 1441(b).  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  Because no federal claims were asserted in Plaintiff's complaint, the federal question basis of removal does not apply.

Accordingly, the Court **REMANDS** this matter to 36th District Court.  In light of the fact that the Court lacks subject matter jurisdiction, it makes no ruling on the request for dismissal of Defendant's "Cross-complaint" and/or "Countercomplaint".

## IV.  CONCLUSION

The motion is **GRANTED in part.**  This matter is **REMANDED** to 36th District Court.

**IT IS SO ORDERED.**

      s/Marianne O. Battani
      MARIANNE O. BATTANI
      UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2009


## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to Booker T. Davis, III and counsel of record on August 26, 2009, by ordinary mail and/or electronic filing.

      s/Bernadette Thebolt
      Deputy Clerk